KELLY, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 2,334.)

(Submitted November 13, 1906.  Decided December 8, 1906.)

*Personal  Injuries—Cities  ·and  Towns—Defective  Sidewalks—*
*Damages—Instructions  —Appeal—Record—Evidence—  Suffi-*
*ciency—Excessive  Verdict.*

Personal Injuries—Cities and Towns—Defective Sidewalks—Instructions.
   1.  An instruction, given in an action to recover damages for personal
   injuries claimed to have been sustained by plaintiff by reason of a
   fall into an excavation next to a sidewalk, negligently left unguarded
   by the defendant city, that the jury could, in fixing the damages,
   take into consideration ''any pain or suffering which he (plaintiff)
   has endured, as a result of any injury which he has sustained, *up to*
   *the present time,''* etc., was not open to the objection that it directed
   the jury to compensate plaintiff for any injury sustained prior to the
   time of the trial, whether through the negligence of defendant or
   not, where the evidence was all directed to the injury alleged in the
   complaint and to no other; and the jury, therefore, must have under-
   stood that the clause ''up to the present time'' had reference to the
   pain and suffering endured and not to the injury.
Same—Appeal—Evidence—Record—New Trial Statement—Review.
   2.  In the absence of certain ordinances from the statement on mo-
   tion for a new trial, introduced on the trial of an action against a
   city for personal injuries alleged to have been sustained by reason of
   a defective sidewalk, ostensibly showing that it was incumbent on the
   street commissioner and the chief of police to look after the streets,
   the sufficiency of the evidence to go to the jury as to defendant's
   notice of the defect in the sidewalk, will not be reviewed, since the
   duties of such officers may have been such as to make daily inspections
   of streets and sidewalks, in which event notice may be presumed.
Evidence—Sufficiency—Appeal—Record.
   3.  Evidence will not be reviewed on appeal to determine its sufficiency
   where the record fails to show affirmatively that all, or the substance
   of all, the evidence in the case is before the appellate tribunal.
Personal Injuries—Cities and Towns—Damages—Evidence—Excessive Ver-
   dict.
   4.  Where plaintiff, in an action against a city for damages on ac-
   count of personal injuries sustained by reason of defendant's negli-
   gence in permitting an excavation adjoining a sidewalk to remain un-
   guarded, fell a distance of seven or eight feet, was severely cut about
   the head, had one tooth knocked out and another broken, was bruised
   in the hips and suffered other like injuries, a verdict for $1,000 may
   not be said to be unwarranted by the evidence; and where defendant
   city did not itself complain that it was excessive, the supreme court
   on appeal will not say that it is.

*Appeal from District Court, Silver Bow County; John B. Mc-Clernan, Judge.*

ACTION by John J. Kelly against the city of Butte. From a judgment for plaintiff, and from an order denying it a new trial, defendant appeals. Affirmed.

*Mr. Lewis P. Forestell,* and *Mr. J. F. Davies,* for Appellant.

Municipalities are liable to damages only for direct and immediate consequences that may flow from defects negligently permitted by them to exist in the highway. The defect attempted to be proven here, and which the plaintiff himself testifies is the cause of the injury, if there was an injury, was not pleaded and is not an issue in this case. In order to recover damages, we take it, plaintiff must not only prove that there was a lack of barriers, but that the injury complained of was due to such as a proximate cause. (*Shannon v. Tacoma* (Wash.), 83 Pac. 186-189; 15 Am. & Eng. Ency. of Law, 459; William's Municipal Liability for Tort, 165.)

The city is only bound to make the highway reasonably safe for travelers thereon. (*Monmouth v. Sullivan,* 8 Ill. App. 50; *Puffer v. Orange,* 122 Mass. 389; *Kelley v. Columbus,* 41 Ohio St. 263.) Municipal corporations are, at best, at a disadvantage in the trial of an action when a private party seeks to secure damages and must rely upon the safeguards which the law throws around municipalities. One of these safeguards is, "that the city must have notice, either actual or constructive, before the corporation is liable in private action." (*Boulder v. Niles,* 9 Colo. 415, 12 Pac. 632; *Cunningham v. Denver,* 23 Colo. 18, 58 Am. St. Rep. 212, 45 Pac. 356; *Fahey v. Harvard,* 62 Ill. 28; *Jones v. Clinton,* 100 Iowa, 333, 69 N. W. 418.) It is important that a city be given the opportunity to repair its sidewalks after they become defective, or to cause barriers to be erected when needed to protect travelers, and the fact that the city has received actual or constructive notice should appear beyond the question of a doubt.

*Mr. John J. McHatton,* for Respondent.

The existence of such an excavation as the one in question, without protection to travelers along the sidewalk, constituted a nuisance and rendered the city liable for injuries resulting therefrom, if it had notice of the existence thereof, or had means of knowledge which amounted to notice. (*City of Oklahoma City* v. *Myers,* 4 Okla. 686, 46 Pac. 552, and cases therein cited; 24 Am. & Eng. Ency. of Law, 1st ed., 94; Elliott on Streets and Roads, 447, 454; Jones on Negligence of Municipal Corporations, sec. 84, p. 160; Dillon on Municipal Corporations, sec. 1024, note; *Bassett* v. *City of St. Joseph,* 53 Mo. 290, 14 Am. Rep. 446, 451; *Clark* v. *City of Richmond,* 83 Va. 355, 5 Am. St. Rep. 281, 5 S. E. 369; *Warner* v. *Inhabitants of Holyoke,* 112 Mass. 362; *Niblett* v. *City of Nashville,* 12 Heisk. (Tenn.) 684, 27 Am. Rep. 755; *Oliver* v. *City of Worcester,* 102 Mass. 489; *Fitzgerald* v. *City of Berlin,* 51 Wis. 81, 37 Am. Rep. 814, 7 N. W. 836; *Leonard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 425; *Snook* v. *City of Anaconda,* 26 Mont. 128, 66 Pac. 759; *May* v. *City of Anaconda,* 26 Mont. 140, 66 Pac. 759; *Metz* v. *City of Butte,* 27 Mont. 506, 71 Pac. 761; *Meisner* v. *City of Dillon,* 29 Mont. 116, 74 Pac. 130.)

The issuance of a permit by the city to the owner of a lot to make an excavation is sufficient evidence of knowledge on the part of the city of the existence of such excavation. (*Sutton* v. *City of Snohomish,* 11 Wash. 24, 48 Am. St. Rep. 847, 39 Pac. 273. See, also, *City of Kansas City* v. *Manning,* 50 Kan. 373, 31 Pac. 1104; *Zettler* v. *City of Atlanta,* 66 Ga. 195; *Beall* v. *City of Seattle,* 28 Wash. 593, 92 Am. St. Rep. 892, 69 Pac. 12, 61 L. R. A. 583.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action for damages for a personal injury alleged to have been suffered by the plaintiff through the negligence of the defendant.

The cause of action alleged is, in substance, that during the month of July, 1901, on the east side of North Main street of the defendant, there was an excavation, several feet in depth, immediately adjoining the east line of the sidewalk; that the existence of the excavation, if left unguarded, rendered travel along the sidewalk unsafe and dangerous; that the defendant, with knowledge of the unsafe condition, negligently permitted it to continue by failing to erect sufficient or any barriers to protect passengers from falling into the excavation or to place danger signals thereat to warn them of the danger; that on the night of July 23, 1901, the plaintiff, while traveling along the sidewalk in the darkness, without knowledge or sight of the danger and without warning, stepped or fell into the excavation, striking with great force upon the bottom thereof, by reason of which fall he suffered great external and internal injury by being cut and bruised about the head, by having a tooth knocked out, and by being bruised and injured about his leg and body, whereby he not only suffered great pain for the time, but was permanently injured. Judgment for $3,000 is demanded. The defense is a general denial. The plaintiff had verdict for $1,000. Defendant has appealed from the judgment and an order denying it a new trial. Complaint is made that the instructions submitted to the jury are erroneous, and that the verdict is contrary to the evidence.

1. Taking the charge as a whole, it fully and fairly instructed the jury as to the law applicable to the facts appearing in evidence. No substantive error is pointed out in any of them. The criticisms made of the paragraphs complained of are too technical to warrant special notice. For example: In paragraph 11, in enumerating the elements which should be taken into consideration by the jury in fixing the amount of recovery in case they should find for the plaintiff, the court said: "Such sum as will compensate him for any pain or suffering which he has endured, as a result of any injury which he has sustained, up to the present time, if you find from the evidence that he has sustained injury and find therefrom that he has suffered any pain."

It is said that this directed the jury to compensate the plaintiff for any injury sustained prior to the time of the trial, whether through the negligence of the defendant or not. Since the inquiry was as to the injury alleged in the complaint, the evidence was properly directed to ascertain the facts and circumstances attending it and no other. There was nothing in the evidence tending to show that the plaintiff had suffered any other injury. Hence the jury must have understood that the clause ''up to the present time'' had no reference to the injury, but to the suffering and pain endured, and therefore it could not have misled them.

2. The principal contention made as to the insufficiency of the evidence is that it fails to show that the defendant had actual or constructive notice of the existing condition, and therefore that it was not chargeable with negligence. We shall not undertake to determine whether or not a sufficient case was made to go to the jury as to notice. At the place where the accident occurred building operations were going on, and the excavation was made necessary thereby. There is some evidence to the effect that the excavation had been in existence for three days, or perhaps more, before the accident occurred. During the trial it was stipulated that the city has a street commissioner with an assistant, and a chief of police, whose duty it is to look after the streets. There were then introduced certain ordinances of the defendant, ostensibly to show a specific definition of their duties. For some reason these were omitted from the statement. If, therefore, it be conceded that the evidence in the record, including the stipulation, does not make out a case from which notice might be presumed, as the defendant contends, we cannot·venture to speculate as to what are the requirements of the ordinances. So far as our knowledge goes, the requirements of these may be such as to make it the duty of these officers or other employees of the city to make daily inspections of the streets and sidewalks and give special attention to buildings in course of erection or repair. In any event, this court may not review the evidence in order to determine its sufficiency, if the record does not show affirmatively that it is, in substance at least, all before it.

It is further said that the evidence is not sufficient to sustain a verdict for $1,000. It does justify a verdict for some amount. It shows that the plaintiff fell a distance of seven or eight feet; that he was severely cut on the head; that he had one tooth knocked out and another broken; that he was bruised in the hips and suffered other like injuries. Upon the assumption that the defendant is liable at all, these injuries alone warranted a recovery of more than nominal damages; and, since the defendant does not itself insist that the amount awarded by the jury is excessive, we may not say that it is.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.

